# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES DUBUQUE,

      **Plaintiff,**

vs.                                                                                                                                               Civ. No. 01-327RLP

JO ANNE B. BARNHART,
**Commissioner of the**
**Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION & ORDER
## AWARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b)(1)

**THIS MATTER** comes before the court on Plaintiff's Motion for an award of Attorneys Fees pursuant to 42 U.S.C. §406(b)(1). Plaintiff seeks an award of Nine Thousand Dollars ($9,000.00) in compensation for 21.6 hours of legal services provided by her attorneys before this court.

Plaintiff filed his application for disability income benefits on March 11, 1998. The application was denied at all administrative levels. A complaint was filed in this court on March 23, 2001. ("Court Proceeding"). The court reversed the administrative denial on June 24, 2003, and remanded for further proceedings. (Docket No. 22 & 23). Plaintiff was subsequently found disabled by an administrative law judge in a decision dated December 19, 2003. (Docket No. 28, Ex. A). Plaintiff was awarded past and future benefits. In a letter dated January 21, 2004, the Commissioner stated that the sum of $16,488.50, representing 25% of total past due benefits was withheld pending payment of attorneys fees. (Docket No. 28, Ex. B, p. 3). The total sum of past due benefits is $65,954.00.

Plaintiff represents that her attorneys will reimburse to her the sum of Two Thousand Twenty-six and 59/100 Dollars ($2,026.59), the amount of fees previously awarded under the Equal Access to Justice Act, less costs advanced and State of New Mexico Gross Receipts Tax.

The Defendant objects to the amount of fees requested, contending the fee requested is excessive, in view of the time expended by Plaintiff's attorneys. [Docket No. 23].

Discussion

The court has authority to award fees arising from time expended by attorneys in actions pending in Federal Court. 42 U.S.C. §406 (b).

Plaintiff and her attorneys have a contingency fee agreement, whereby Plaintiff has agreed to pay her attorneys 25% of past due benefits received. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793-794, 122 S.Ct. 1817, 1828 (2002). A court may exercise its discretion to reduce an attorney's contractual recovery based on the character of the representation and the result achieved. *Id*. For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* To prevent windfalls for attorneys and assist the reviewing court in making a reasonableness determination, the court may require the attorney to submit a record of the hours spent on the case and a statement of the normal hourly rates charged. *Id.*

Given the recovery of $65,954.00 in past due benefits, the ceiling mandated by statute for past due benefits is $16,488.50 for representation before the Social Security Administration and this

2

court. Plaintiff's attorneys represent a fee for administrative services in the amount of $4,000.00 has been approved by the administrative law judge, and that a user fee of 6.3% will be deducted from this amount, resulting in a net fee to her attorneys of $3,748.00. Therefore, the maximum that can be awarded by this court, and still be under the 25% ceiling, is $12,740.50.

Plaintiff's attorneys provided quality representation and were not responsible for any delay in the resolution of this matter.

The only issue to be decided is whether the amount of benefits is so large in comparison to the time expended that a reduction of the fee request is in order. An award of $9,000.00 translates to an hourly fee of $416.67. I find that the benefits awarded to Plaintiff are large in comparison to the amount of time counsel spent on the case, and that a downward adjustment is in order.

The court, having reviewed the file and being otherwise fully advised, **FINDS** as follows:

(1) Plaintiff's attorneys are entitled to an award of attorneys fees pursuant to 42 U.S.C. §406(b);

(2) Fees awarded pursuant to 42 U.S.C. §406(b), when combined with fees paid or payable by the Commissioner pursuant to 42 U.S.C. §406(a), may not exceed 25% of past due benefits;

(3) Plaintiff was awarded $ 65,954.00 in past due benefits;

(4) Fees awarded by this court pursuant to 42 U.S.C. §406(b), when combined with fees paid or payable by the Commissioner pursuant to 42 U.S.C. §406(a), may not exceed $12,740.50;

(5) Plaintiff's attorneys have or will receive from the Commissioner the net amount of $ 3,748.00 pursuant to 42 U.S.C. §406(a);

(6) Plaintiff's attorneys provided quality representation and were not responsible for any delay in the resolution of this matter;

(7) The amount of benefits paid to Plaintiff was large in comparison to the time expended by her attorneys so as to require a further reduction of fees;

(8) An attorney-fee award pursuant to 42 U.S.C. §406(b) in the amount of Eight-Thousand and No/100s Dollars ($8,300.00) is appropriate given the time extended and complexity of issues addressed in Plaintiff's appeal to this court.

**It Is Hereby Ordered as Follows:**

The Martone Law Firm is awarded fees in the amount of Eight-Thousand and No/100s Dollars ($8,300.00) for services rendered to Plaintiffs in this court.

The Martone Law Firm shall reimburse to Plaintiff the sum of Two Thousand Twenty-six and 59/100 Dollars ($2,026.59) representing fees previously awarded under the Equal Access to Justice Act, less costs advanced and State of New Mexico Gross Receipts Tax.

All remaining funds withheld by the Commissioner from past due benefits will be paid to the Plaintiff.

_____
**Richard L. Puglisi**
**United States Magistrate Judge**